James Allen JONES *v.* STATE of Arkansas

CR 80-10                                          598 S.W. 2d 748
Supreme Court of Arkansas
Opinion delivered May 27, 1980

*John W. Achor*, Public Defender, by: *Theodore Holder*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. James Allen Jones was convicted of aggravated robbery and attempted capital murder and sentenced to a total of sixty years imprisonment. On appeal he alleges only one error: The evidence was inadequate for a rational trier of fact to have found the appellant guilty beyond a reasonable doubt. We find that there was substantial evidence to support the finding by the jury and affirm his conviction.

This was simply a case of the word of the victim against that of Jones and several alibi witnesses. Willeene Iheme, an employee of Mr. Jay's Liquor Store on High Street in Little

Rock, Arkansas, identified Jones as the person who came into the liquor store, pulled a gun on her, shot her and robbed the store.

Jones denied he was that person and called several alibi witnesses. The jury chose to believe Iheme who testified she had an opportunity to view Jones for ten or twelve minutes.

The weight of the evidence and the credibility of a witness are matters for the jury and not for this court. *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979); *Thomas* v. *State*, 266 Ark. 162, 583 S.W. 2d 32 (1979). The appellant relies upon the case of *Jackson* v. *Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560 (1979) in his argument of error. In that case the United States Supreme Court held that one who applies to a federal court for habeas corpus relief is entitled to it "if it is found that upon the record adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

We do not find that the language in the *Jackson* case requires us to abandon our decisions regarding the test of whether a jury verdict should stand in a criminal case. There must be substantial evidence to support such a decision. *Hutcherson* v. *State*, 262 Ark. 535, 558 S.W. 2d 156 (1977). In the case of *Pickens-Bond Const. Co.* v. *Case*, 266 Ark. 323, 584 S.W. 2d 21 (1979), we discussed what substantial evidence is. We said:

> Substantial evidence has been defined as 'evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture.' Ford on Evidence, Vol. 4, § 549, page 2760. Substantial evidence has also been defined as 'evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred; and the test is not satisfied by evidence which merely created a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent inferences.' Wigmore on Evidence, Vol. IX, 3rd ed. § 2494, footnote at page 300. See also *Tigue* v. *Caddo Minerals Co.*, 253 Ark. 1140, 491 S.W. 2d 574; *Goaz* v. *Central Ark. Dev. Council*, 254 Ark. 694, 496 S.W. 2d 388.

In the case before us, it was for the jury to decide if the victim or the appellant and his witnesses were telling the truth. The jury chose to believe Iheme and, therefore, the question to us is whether her estimony is substantial evidence. It is.

Affirmed.

HOLT, J., not participating.