Willie Earl JOHNSON, Jr. and Murphy CARROLL
*v.* STATE of Arkansas

CR 82-29                                              632 S.W.2d 416

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*Haskins & Wilson,* by: *John W. Achor,* for appellant Johnson.

*Law Office of Paul Johnson,* by: *John Lloyd Johnson, Jr.,* for appellant Carroll.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellants, Willie Earl Johnson and Murphy Carroll, were convicted of aggravated robbery and sentenced to 20 years in the Arkansas Department of Correction. On appeal, both appellants allege that the evidence is insufficient to support their convictions. We affirm.

The evidence, when viewed in the light most favorable to the State, reveals that Joel Sealey, a New Mexico rancher, and his family were spending the night at the Holiday Inn, North Little Rock. During the evening, before retiring for the night, Sealey opened the door of his room to let in cool air. At that time he noticed appellants standing suspiciously off to the side of his door. There was a space between the curtain and the wall through which appellants could have looked into the room. He then placed his loaded revolver on the bed. Later, he looked out the window several times and did not see anyone; so he cracked the door open and sat on the edge of the bed. After a few seconds he again saw appellants and noticed that one of them had a pistol at his side. He grabbed his revolver and jumped up to close the door. Before he could close the door appellant Carroll kicked the door open, stuck a pistol to his chest and said, "Get them up." Appellant Johnson was in the room, standing behind Carroll. Sealey began shooting at appellants; both were wounded and quickly left the room. Sealey then called the lobby, stating that "somebody had tried to rob us or something."

Appellants argue that there is insufficient evidence from which the jury could find that the purpose or intent of appellants was to commit a theft as required by our aggravated robbery statute, Ark. Stat. Ann. §§ 41-2102 — 41-2103 (Repl. 1977). There is no merit to this argument. Intent or purpose to commit a crime is a state of mind which is not ordinarily capable of proof by direct evidence, so it

must be inferred from the circumstances. *Smith* v. *State,* 264 Ark. 874, 575 S.W.2d 677 (1979).

The jury is allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. Here, there is no evidence that appellants knew any women were in the room; therefore, the jury could have excluded intent to rape. The jury could also have concluded that if appellants had intended to murder Sealey they would not have paused to demand that he raise his hands.

Common knowledge and experience, when considered in the light of the facts of this case, could enable the jury to find that the only purpose appellants could have had in sticking a gun in Sealey's chest and saying, "Get them up." was to rob Sealey.

Affirmed.