Willie **WORTHAM** *v.* **STATE** of Arkansas

CA CR 82-18                               634 S.W.2d 141

Court of Appeals of Arkansas
Opinion delivered June 2, 1982
[Rehearing denied June 30, 1982.]

*Webb & Imboden,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant, Willie Wortham, was found guilty of the offense of burglary in violation of Ark. Stat. Ann. § 41-2002 (Repl. 1977). Appellant was sentenced to three years in the Department of Correction. He was credited for eight months jail time spent awaiting trial.

Summarizing the evidence in the light most favorable to the appellee, the facts below establish that the offense with which appellant was charged occurred on November 29, 1980, at the home of Paula Lambert, age 13 years. About 4:00 or 5:00 P.M., Paula and her friend, Angie, also 13 years, were painting in Paula's bedroom. The girls testified that they had the radio in the living room playing loudly. Angie went into the kitchen and walked back to the living room. When she entered the living room, she saw a black man she identified as the appellant standing in the doorway of the house. He was wearing a long leather coat and was standing inside the house in the doorway. She screamed and the appellant ran away.

Paula did not see the appellant but did hear her friend scream. The two girls first called a neighbor, and then Paula's mother. The parents of the girls reported the incident to the police, and on December 12, 1980, appellant was charged with burglary.

There was evidence presented at trial which tended to prove that the girls knew the appellant before the incident

and that Angie was therefore able to recognize him on November 29, 1980.

At the close of the State's case (as outlined above), appellant moved for a directed verdict, which was denied. The case proceeded to the jury which convicted the appellant of burglary.

A person commits burglary when he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (1) (Repl. 1977). While this Court recognizes that criminal intent or purpose is a fact which cannot be positively known to others, we do not believe that a jury may find the intent required by this statute merely on the fact that appellant was found inside a house where he did not belong and ran when a young girl screamed. The facts presented fail to offer any direct proof that appellant was in the house for the purpose of committing a crime. Of course, if he had such a purpose in mind, it could have also been shown by circumstantial evidence, if any existed. However, such circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any other reasonable conclusion. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981). When circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis but the guilt of the accused. *Ayers* v. *State*, 247 Ark. 174, 444 S.W.2d 695 (1969).

There are any number of situations that come to mind that would be inconsistent with a finding of guilt. Both girls testified that one year before this incident, appellant had talked to them in the park and had asked the girls to be his girlfriends. While it may be conceivable that appellant intended to commit some crime when he entered the open door of the Lambert home, it is equally reasonable to believe that he wanted to ask the girls to be his girlfriends once again. This episode took place during the day and there is no evidence showing appellant was in any way armed or that he made any improper approach towards either girl. Nor is there evidence to indicate appellant touched anything in the household or that anything was missing.

From the evidence presented, it is not unreasonable to assume that appellant came to the house with no criminal purpose in mind and that he entered the open side door of the house when he could not get anyone to hear his knock above the noise of the music. When the young girl saw appellant and screamed, he could have panicked and then fled.

When circumstantial evidence leaves the jury solely to speculation and conjecture, it is insufficient as a matter of law and the test is whether there was substantial evidence to support the verdict when viewing the evidence in the light most favorable to the state. *Ayers* v. *State, supra.*

In *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980), the Court quoted with approval from *Pickens-Bond Construction Company* v. *Case,* 266 Ark. 323, 584 S.W.2d 21 (1979), as follows:

> Substantial evidence has been defined as 'evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture.' Ford on Evidence, Vol. 4, § 549, page 2760. Substantial evidence has also been defined as 'evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred; and the test is not satisfied by evidence which merely creates a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent theories.' Wigmore on Evidence, Vol. IX, 3rd ed. § 2494, footnote at page 300. See also *Tigue* v. *Caddo Minerals Co.,* 253 Ark. 1140, 491 S.W.2d 574; *Goaz* v. *Central Ark. Dev. Council,* 254 Ark. 694, 496 S.W.2d 388.

In the instant case, the appellant was merely seen inside the open door of the Lambert residence. The State made no attempt to show the purpose which the appellant might have for being there. The State did not offer proof, for instance, that appellant may have intended to commit arson or rape or maybe theft of property. The record is silent as to

any crime which the State claimed appellant intended to commit. The State is required to prove beyond a reasonable doubt every element of the crime charged. See *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975); *Patterson* v. *New York,* 432 U.S. 197 (1977). It was not the burden of the appellant to prove he did not intend to commit an offense punishable by imprisonment. The State simply failed to meet the burden of proof to show appellant committed burglary.

A case substantially similar to the one at bar is *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980). In that case, the Court said:

> At most, the evidence revealed that appellant was standing inside the doorway of an office building which he had illegally entered and from which nothing was taken, speaking to his friends passing by. Although criminal intent is by nature subjective and usually provable only by circumstantial evidence, it remains an independent and indispensible element of the crime of burglary and cannot be presumed from another fact, the establishment of which is also essential to a conviction of burglary.

In the instant case, the State contends that since appellant ran when this young girl screamed, his flight was evidence of his felonious intent. *Grays* v. *State,* 264 Ark. 564, 572 S.W.2d 847 (1978). However, unlike in *Grays,* here there is no evidence that appellant was eluding arrest. Flight from a scene of a crime has long been regarded as a circumstance *corroborative of "other proof"* of guilt. *Cassell* v. *State, supra.* The "other proof" in the case at bar is dismally missing and can only be supplied by pure guesswork.

The jury's finding that appellant intended to commit an offense punishable by imprisonment could only have been based upon speculation and conjecture, and for this reason, we reverse. However, we reverse and remand with instructions to reduce the charge since we find the proof was sufficient to establish the lesser offense of criminal trespass. Ark. Stat. Ann. § 41-2004 (Repl. 1977).

Reversed and remanded.

CRACRAFT and CORBIN, JJ., dissent.

GEORGE K. CRACRAFT, Judge, dissenting. I am in full accord with the opinion of the majority that specific criminal intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of an unexplained illegal entry of an occupiable structure. The burden is on the State to prove every element of the offense charged and cannot, without violating constitutional requirements of due process, shift to the accused the burden of explaining his illegal entry. Our Supreme Court expressly so held in *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980). My point of departure is at the majority's conclusion that in reaching its verdict the jury was required to rely on speculation, surmise or prohibited presumption. It is my opinion that there was evidence from which the jury could properly infer the requisite intent and that it was not error for the trial court to submit that issue to it.

Criminal intent or purpose, a fact which cannot in the nature of things be positively known to others, is difficult if not impossible to prove by direct evidence. It is, however, an inference of fact that a jury may draw from other facts and circumstances which are shown by direct evidence. *Barksdale* v. *State,* 262 Ark. 271, 555 S.W.2d 948 (1977). This principle was reaffirmed in the recent opinion of *Johnson & Carroll* v. *State,* 276 Ark. 56, 632 S.W.2d 416 (1982), in which our Supreme Court stated that, in determining whether criminal intent existed, the jury is allowed to draw on their common knowledge and experience in reaching a verdict from other facts directly proved.

In *France* v. *State,* 68 Ark. 529, 60 S.W. 236 (1900) the court stated that flight to avoid arrest may be evidence of guilt and, while standing alone might not be strong enough to sustain a conviction, may be one of a series of facts and circumstances from which guilt may be inferred. The weight to be given it is a matter for the jury to determine. Here there was evidence not only of an illegal entry by the appellant but it was shown that the house was fully furnished and

contained items of value, including a radio playing at the time on high volume which made the appellant's movements in the house difficult to detect. There was also evidence that appellant was aware that a young female resided there. When his presence within the dwelling was discovered by a lawful occupant he fled. I am of the opinion that when all of the facts and circumstances are considered along with his flight from the scene there was sufficient evidence upon which the issue of his intent might be submitted to the jury.

In *Norton* v. *State, supra,* the Supreme Court made the same distinction I would make here. There the court said:

> We are not unmindful that our decision in *Grays* v. *State,* 264 Ark. 564, 572 S.W.2d 847 (1978), may suggest that the specific intent requirement of burglary may be presumed from the unexplained illegal entry of an occupiable structure. In *Grays,* however, the defendant fled, eluding the police officers, when his presence was discovered in the occupiable structure. We have consistently suggested that the flight of an accused to avoid arrest is evidence of his felonious intent. See, e.g., *France* v. *State,* 68 Ark. 529, 60 S.W. 236 (1900), *Smith* v. *State,* 218 Ark. 725, 238 S.W.2d 649 (1951), *Russell & Davis* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977). Notwithstanding our holding in *Grays,* however, we find no evidence here other than appellant's illegal entry to sustain a conclusion that appellant's entry was for the purpose of committing an imprisonable offense.

While this is a case in which the jury might have found that his illegal entry was without criminal intent, I am unwilling to hold that this was not a question for the jury to determine or that it could not do so without resort to speculation, surmise or constitutionally prohibited presumptions flowing merely from proof of the illegal entry.

I am authorized to state that Judge CORBIN shares these views. We respectfully dissent.