Anthony W. BARTELS and Drew LUTTRELL *v.* Delia
WAIRE

86-41                                                    712 S.W.2d 285

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Howard & Howard*, by: *William B. Howard*, for appellant.

*William Gary Holt*, and *James Gerard Schulze*, for appellee.

STEELE HAYS, Justice. Delia Waire retained attorneys Drew Luttrell and Anthony Bartels to represent her in connection with a workers' compensation claim. A hearing was conducted before an administrative law judge who announced at the end of the hearing that he was not in a position to make any kind of determination without additional medical reports. The record was left open for Mr. Bartels to submit additional proof.

A year later, on August 25, 1980, the administrative law judge wrote to Mr. Luttrell and to Mr. Bartels reminding them the hearing had been left open for additional medical reports. The letter stated that since no additional reports had been submitted, in view of the length of time which had elapsed, the administrative law judge would assume the record was complete if he had not heard from claimant's attorneys within ten days. This letter evidently received no response and in November the administrative law judge issued his opinion denying the claim.

Mrs. Waire brought suit against the attorneys for malpractice. The case was tried and the defendants moved for a directed verdict, which was denied. The jury returned one verdict against Anthony Bartels for $15,000 and one verdict against Drew Luttrell for $15,000. The circuit judge ruled the defendants' liability was joint and several and entered one judgment against both defendants in the amount of $15,000.

Luttrell and Bartels have appealed on the grounds their directed verdict should have been granted because the plaintiff's case was based entirely on speculation and conjecture. Delia Waire has cross-appealed from the entry of a judgment for $15,000. She contends the judgment should have been for $30,000. We affirm on direct appeal and on cross-appeal.

■■ When a defendant has appealed the denial of a motion for a directed verdict the standard on review is: after giving the plaintiff's evidence, and all reasonable inferences to be drawn from such evidence, its highest probative value, a motion for a directed verdict against the plaintiff should be granted only if the evidence is so insubstantial that if a verdict were returned for the plaintiff the trial court would be required to set it aside. *Farm Bureau Mutual Insurance Co.* v. *Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982); *Miller* v. *Tipton*, 272 Ark. 1, 611 S.W.2d 764 (1981). Or as is sometimes said, "A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men and women could possibly find the issues for the plaintiff." *O'Brian* v. *Primm*, 243 Ark. 186, 419 S.W.2d 323 (1967); *St. Louis Southwestern Railway Co.* v. *Farrell, Adm'x*, 242 Ark. 757, 416 S.W.2d 234 (1967).

■■ Substantial evidence has been defined in numerous cases:

> Substantial evidence has been defined as 'evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture.' Ford on Evidence, Vol. 4, § 549, page 2760. Substantial evidence has also been defined as 'evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred; and the test is not satisfied by evidence which merely created a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent inferences.' Wigmore on Evidence, Vol. IX, 3rd ed. § 2494, footnote at page 300. See also *Tigue* v. *Caddo Minerals Co.*, 253 Ark. 1140, 491 S.W.2d 574 (1973); *Goaz* v. *Central Ark. Dev. Council*, 254 Ark. 694, 496 S.W.2d 388 (1973).

When viewed according to the foregoing authority the proof in this case plainly justified the denial of the defendants' motion for a directed verdict.

The allegations of malpractice against Drew Luttrell and Anthony Bartels included the following: failing to secure a hearing on the plaintiff's entitlement to additional temporary

total and permanent partial disability benefits, failing to secure medical reports in connection with the proceedings before the administrative law judge; failing to make timely claim for rehabilitation benefits for the claimant; failing to file timely notice of appeal from the decision of the administrative law judge, and failing to adequately and properly prepare and present evidence of the claim for additional benefits under the Workers' Compensation Act.

The plaintiff's proof consisted of her own testimony as well as that of Dr. Donald Richard Butts, a neuropsychiatrist, who had served as medical director and consultant to the Ozark Regional Mental Health Center, where Mrs. Waire was treated. Attorney Frederick Spencer also testified for the plaintiff. Dr. Butts testified Mrs. Waire was a client of the Mental Health Center from September 1975, through March 5, 1984. He said Mrs. Waire was suffering from reactive depression associated with her back injury; that she had a great deal of difficulty in locomotion, sitting or rising from chairs, riding in cars, climbing stairs, and lifting, which were attributable to complaints in the lumbosacral area. He described emotional and psychological problems due to constant pain, low energy, loss of sleep and appetite which he associated with the type of injury Mrs. Waire had sustained. He was of the opinion that Mrs. Waire's condition in 1979 was not materially different than at the time of his testimony (June 8, 1984). He estimated her permanent partial disability at 80%, 50% emotional and 30% anatomical.

Mr. Spencer testified about his legal training and experience. Mrs. Waire had consulted him in April 1981 and in that capacity he investigated the status of her claim before the Workers' Compensation Commission. He said Mrs. Waire understood from Mr. Luttrell that she had six months in which to appeal from the decision of the administrative law judge but in his opinion the claim was barred both for failure to appeal to the full commission within thirty days and because of the lapse of more than two years from the original injury. He said the only thing he could do was to attempt to reopen the case on the basis of Section 26 of the Compensation Act, that is a worsening of a claimant's condition within six months of an award or order. The administrative law judge held this section did not apply, there having been no award of additional benefits to Mrs. Waire resulting from the

hearing on August 22, 1979. That position was upheld on appeal to the full commission and to the Court of Appeals. At that point Mr. Spencer referred Mrs. Waire to other counsel.

Mr. Spencer reviewed the handling of Mrs. Waire's claim by the defendants, expressing his opinion that two medical reports in the files of the Disability Determination Unit of the Social Security Administration regarding Mrs. Waire could have been obtained by the defendants which he believed would have been helpful to her claim, as they described the functional limitation of her injury. He said he had never known of a permanent, partial disability rating as high as 80%, given by Dr. Butts. Mr. Spencer expressed the belief that the defendants had failed to exercise reasonable diligence in representing Mrs. Waire and that if the evidence which was available had been presented to the Commission Mrs. Waire would have been entitled to a recovery of $140,000.

■ We find nothing speculative about the proof presented by Mrs. Waire to support her allegations of malpractice. The testimony of Mr. Spencer was clear and unequivocal and entirely sufficient to sustain the verdict on the issue of liability. Appellants insist that Mrs. Waire did not give Mr. Bartels the name of Dr. Butts, which can be conceded. It is undisputed that she gave him the name of the Ozark Mental Health Center where Dr. Butts was affiliated. But whether Mr. Bartels and Mr. Luttrell exerted their best efforts to obtain the medical proof that was plainly available was for the jury to decide and the trial court was entirely correct in submitting the issues to the jury.

■ For her cross-appeal Mrs. Waire submits that the trial court erred by interpreting the verdicts returned by the jury as a verdict of $15,000 when the jury obviously intended to award $30,000. But it is clear from the record that no objection was made to the judgment as entered and this argument cannot now be asserted.

Affirmed.