Cite as 2016 Ark. App. 274



# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–868

| | | |
|---|---|---|
| | | Opinion Delivered: MAY 18, 2016 |
| BRANDON DAVIS | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, |
| | APPELLANT | FOURTH DIVISION [NO. 60CR-13-1184] |
| V. | | |
| | | HONORABLE HERBERT WRIGHT, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

Appellant Brandon Davis appeals his convictions of aggravated robbery, theft, and the assessment of an enhancement due to the use of a firearm during the robbery. Appellant was charged with these crimes in relation to the January 12, 2013 carjacking of Shana Henderson at a Valero gas station in Little Rock. Appellant was tried before a jury in Pulaski County, and he was found guilty of these offenses. He was sentenced to ten years in prison for the robbery, one year in the county jail for theft, and one year of enhancement due to the use of a firearm. Appellant raises two points on appeal, contending (1) that there is insufficient evidence to support his convictions, and (2) that the trial court abused its discretion in instructing the jury to consider the firearm enhancement. We affirm.

Appellant's first argument attacks his convictions on the basis that the evidence did not support identifying appellant as the perpetrator. Appellant contends that the victim's

identification of appellant was "problematic" and adds that the proof was insufficient that the robber employed a firearm as a means to commit the crimes.

The standard of review when an appellant challenges the sufficiency of the evidence to convict is well settled. A directed-verdict motion is a challenge to the sufficiency of the evidence. *Sweet v. State*, 2011 Ark. 20, 370 S.W.3d 510. We will affirm if there is substantial evidence to support the verdict. *Id.* Our court views the evidence in the light most favorable to the State and considers only the evidence that supports the guilty verdict. *Id.* Evidence, whether direct or circumstantial, is sufficient to support a conviction if it compels a conclusion and passes beyond mere suspicion or conjecture. *Id.* Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *Gikonyo v. State*, 102 Ark. App. 223, 283 S.W.3d 631 (2008); *Bush v. State*, 90 Ark. App. 373, 206 S.W.3d 268 (2005). The jury may accept or reject any part of a witness's testimony, and its conclusion on credibility is binding on the appellate court. *Brown v. State*, 2009 Ark. App. 873.

The crimes of which appellant was convicted are defined in our criminal code. A person commits aggravated robbery if he commits robbery and is either armed with a deadly weapon or represents by word or conduct that he is armed with a deadly weapon. Ark. Code Ann. § 5-12-103 (Repl. 2013). A person commits robbery if, with the purpose of committing a felony theft or resisting apprehension immediately after committing a felony theft, the person threatens to immediately employ physical force on another person. Ark. Code Ann. § 5-12-102. A person commits theft of property if he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the

property of another person, with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103. The firearm enhancement is defined in Arkansas Code Annotated section 16-90-120(a) (Supp. 2015), and it permits the sentencing body to give an additional period of confinement up to fifteen years on a felony offense if the defendant "employed any firearm of any character as a means of committing or escaping from the felony." "Firearm" is defined as any device designed, made, or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use, including such a device that is not loaded or lacks a clip or other component to render it immediately operable, and components that can readily be assembled into such a device. *See* Ark. Code Ann. § 5-1-102(6).

The evidence at trial, viewed in the light most favorable to the State, revealed the following. The victim, Shana Henderson, drove her 2007 Kia Amanti to the Valero gas station on Kanis Road in Little Rock late at night, and she began to pump gas. A red Monte Carlo with dark tinted windows pulled into the gas station, parking on the other side of the pump from Henderson. An African-American male (later identified as appellant) approached Henderson as she was about to get back in her car and told her to "Move back. Move out the way. Move out the way." When she did not immediately move away, appellant lifted his shirt, displaying the black handle of a gun protruding from the waistband of his pants. Henderson thought he was going to pull out the gun, so she stepped back, and appellant entered her car and drove it away. Someone else drove off in the Monte Carlo. Henderson called 911. In speaking with the police, Henderson described the perpetrator as a male with a dark complexion, thought to be in his twenties, about 5'10" to 6' tall, with

3

an afro, a black cap, a white shirt with writing on it, and black jeans; she said he was armed with a semiautomatic weapon.

Henderson's car was found abandoned on a Little Rock street three days after it had been stolen. Fingerprints were lifted from the driver's side window glass and the interior rearview mirror. A latent print examiner compared those prints to known fingerprints taken from appellant, and they matched. His middle and ring finger prints were found on the driver's side window; his thumb print was found on the rearview mirror.

In March 2013, Henderson was presented a photographic lineup consisting of six photographs at the police station. Henderson said that she was not told that a suspect was in the lineup before she looked at it. She said that she would not have identified a person if the person who stole her car was not in the photo spread. A police detective testified that Henderson picked out appellant "pretty much immediately." The detective stated that he "absolutely did not direct her in any way" to choose one of the photos. The photo spread was entered into evidence. Henderson also positively identified appellant in court as the person who robbed her that night and stole her car.

Appellant's argument that the victim wrongly identified him as the perpetrator is not persuasive. This is a challenge to the jury's determination that the victim was credible, which we will not disturb on appeal. Henderson's unequivocal testimony identifying the appellant as the culprit was sufficient to sustain these convictions. *See Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994); *Williams v. State*, 2014 Ark. App. 561, 444 S.W.3d 877. Any conflicts with the evidence or inconsistencies in the testimony were for the jury to resolve. *Gikonyo*, *supra*.

Appellant's contention is that the proof was insufficient for the additional reason that "there was no proof that there was a gun. A gun . . . was never recovered." This argument, too, is unpersuasive. The victim testified that, after she did not immediately move away from her car as directed, the perpetrator raised his shirt to display the handle of a gun that was stuck in his waistband. A law-enforcement officer confirmed that the victim reported that the perpetrator had a semiautomatic weapon in his waistband. The jury obviously found there to be credible evidence that a firearm was used by the perpetrator to effect this robbery and theft, hence, satisfying the definition of aggravated robbery. We affirm appellant's first point on appeal.

Appellant's second point on appeal is that the trial court abused its discretion when it instructed the jury to consider whether to enhance this sentence based on the use of a firearm. Appellant asserts that a gun "was not pulled on the victim," that there was insufficient evidence "that a firearm was employed in this case," and that the evidence was insufficient to prove that what the victim saw was actually a firearm. We disagree with appellant.

To the extent that appellant is asserting that there was not the slightest evidence of the use of a firearm, meaning that there was no evidence for the jury to even be instructed to consider the use of a firearm, we disagree. A trial court is required to give a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999). The judge gave the jury the model jury instruction on this topic, and it was thus a proper statement of the law. Appellant did not and does not contend that the model jury

instruction was somehow an incorrect statement of law. This leaves the question of whether there was some basis in the evidence to give the instruction. There undoubtedly was. Thus, appellant cannot demonstrate an abuse of discretion in submitting this jury instruction to the jury.

To the extent that appellant's argument is in actuality a challenge to the sufficiency of the evidence, we affirm for the same reasons heretofore stated. Appellant challenges the veracity of the victim in her testimony that the perpetrator showed her the handle of a gun in an effort to have her move away from her car. Credibility determinations are for the jury, not the appellate court. *Brown, supra.*

We affirm appellant's convictions.

ABRAMSON and GLOVER, JJ., agree.

*Willard Proctor, Jr. P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.