
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-147

| | |
|---|---|
| | **Opinion Delivered** SEPTEMBER 21, 2016 |
| RICKIE ALLEN SMITH<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-14-1084] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Appellant Rickie Allen Smith was convicted by a Sebastian County jury of robbery. He was sentenced as a habitual offender to eighteen years in the Arkansas Department of Correction and fined $15,000. On appeal, he argues the State failed to present sufficient evidence to support the conviction. We affirm.

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Davis v. State*, 2016 Ark. App. 274, ___ S.W.3d ___. When the sufficiency of the evidence is challenged in a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and only the evidence supporting the verdict is considered. *Robinson v. State*, 2016 Ark. App. 240, 491 S.W.3d 481. We will affirm if the verdict is supported by substantial evidence—evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.

*Id.* Circumstantial evidence may constitute substantial evidence to support a conviction; to be substantial, circumstantial evidence must exclude every other reasonable hypothesis than the guilt of the accused; that determination is a question of fact for the trier of fact. *Id.* Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *Davis*, *supra*. The jury may accept or reject any part of a witness's testimony, and its conclusion regarding credibility is binding on the appellate court. *Id.*

A person commits robbery "if, with the purpose of committing a felony or misdemeanor theft . . . the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102(a) (Repl. 2013).

At trial, Stephanie Miller's testimony revealed that on October 25, 2014, as she was closing the convenience store where she worked, she noticed someone at the door and went to let him in; when she opened the door, she was pushed inside by a man wearing a black toboggan hat, panty hose over his face, a long-sleeved black shirt, and long black pants; she also said he sounded to her like a black male. Miller testified the man hit her in the cheek with a hard object that she believed to be a gun; she was struck four or five times during the altercation; the man ordered her to open the register; and the man took the money from the register, as well as a bank bag of money. Miller testified she tried to keep around $100 in the register. Just prior to the robbery, Miller had written her boss a note about the money in the bag and the change she needed; she told him there was $38 in the cigar box (which was not taken) and $62 in the bank bag (four rolls of pennies ($2), two rolls of nickels ($4), two rolls

of dimes ($10), a one-dollar bill, two ten-dollar bills, five five-dollar bills) for a total of $100 outside of the register. As soon as the man left, Miller called 911 to report she had been robbed.

Miller gave officers a description of a slender black male, around 6'2", wearing a long-sleeved black shirt, black pants, and panty hose over his face. This description was put out over the radio, and Officer Jared Girard saw Smith, who matched the general description and was wearing black pants and a grey t-shirt, a few blocks from the scene of the robbery. When Smith saw the officer, his eyes grew big, and Girard thought Smith was going to run because he turned quickly and began walking the other direction. Girard made contact with Smith, who was breathing heavily and sweating even though it was a cool night, and conducted a pat-down search of Smith's person for his own safety. Girard recovered $46 cash from Smith's right pocket—two ten-dollar bills, five five-dollar bills, and a one-dollar bill. In the backpack, Girard located a long-sleeved black shirt, a black toboggan, a pair of eyeglasses, a pair of black-handled steel scissors, four rolls of pennies, two rolls of nickels, two rolls of dimes, and a single tan panty hose. Intake officers at the jail found $95 in cash in Smith's underwear. Stephanie Miller confirmed the coins were wrapped in the manner in which she wrapped her coins; she also stated the black shirt and panty hose looked like the items being worn by the assailant during the robbery.

Smith argues on appeal that his fingerprints were not found at the scene, a gun was never recovered, the bank bag was never recovered, and Miller did not identify him as the person who committed the robbery; therefore, he contends, there was not sufficient evidence

to support the allegations that he committed the robbery. We disagree. It is true that Miller did not identify Smith as the person who committed the robbery; however, Miller testified that the man, whom she believed to be a black man from his voice, was wearing long pants and a long-sleeved black shirt, and his face and head were covered with panty hose and a black toboggan, concealing any identifying features. Thereafter, the evidence is remarkable. Smith was stopped a few blocks away from the convenience store immediately after the robbery; he was out of breath and sweating; and he became visibly alarmed when the officer stopped to question him. Smith was wearing black pants and a grey t-shirt, but a black long-sleeved shirt, which is what Miller testified the robber wore, was in the backpack he was carrying, along with a black toboggan and a single panty hose. Moreover, the exact denominations of bills taken from the bank bag were in Smith's pocket, and the exact denominations of wrapped coins, which were identified by Miller as being wrapped in the manner she wrapped coins, were in Smith's backpack. Additionally, the approximate amount of money taken from the cash register was recovered from Smith's underwear during intake at the county jail. All of this circumstantial evidence, taken together, provides substantial evidence to support Smith's conviction for robbery.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*David L. Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.