Cite as 2019 Ark. App. 602

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-581

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 11, 2019 |
| CEDRIC WILLIAMS | | |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-18-354] |
| V. | | |
| | | HONORABLE ALEX GUYNN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Cedric Williams was convicted in a jury trial of residential burglary and third-degree battery. Williams was sentenced to a twenty-year prison term for residential burglary to be served concurrently with one year of incarceration for third-degree battery. Williams's sole argument on appeal is that there was insufficient evidence to support his residential-burglary conviction. We affirm.

A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2013). When an appellant challenges the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Medlock v. State*, 2016 Ark. App. 282. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion

or conjecture. *Id.* We review the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Davis v. State*, 2016 Ark. App. 274, 493 S.W.3d 339. Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *Id.*

Jackie Bankston testified for the State. Bankston stated that she was once married to Williams and that they have three children together who are now adults. However, Bankston and Williams have been divorced since 1999. Bankston stated that she would occasionally pay Williams to come to her house to fix things but that this was strictly business. She also testified that she typically kept her doors locked and her alarm on while she was home because Williams would sometimes walk into her home as though he lived there. Bankston stated that Williams was not allowed in her house unless she invited him inside.

The burglary and third-degree battery occurred at Bankston's house on June 29, 2018, and the battery victim was Kevin Patillo. Patillo has a disability and uses a walker, and Williams and Patillo have known each other since childhood and were once friends.

Bankston testified that on that date she was preparing to go on vacation to Florida and was in her car. She saw Williams coming across her yard, and because of their history, she was reluctant to get out of the car. According to Bankston, Patillo's car, which Williams recognized, was parked outside her house. When Williams approached Bankston's car, Bankston told him she was getting ready to go to Florida. Patillo was in the house and was going to help care for Bankston's granddaughter while Bankston was gone. According to Bankston, Williams accused her of planning to take Patillo with her to Florida, and she told

Williams that Patillo was not going with her. Before getting out of her car, Bankston asked Williams to leave but Williams refused.

Bankston testified that after she got out of the car, Williams followed her to the front door of the house. Bankston did not invite him inside the house, and Williams pushed her out of the way and entered. As soon as Williams walked inside the house, he went to the couch where Patillo was sitting, "snatched him off the couch," and began hitting him. Bankston stated that Williams got on top of Patillo, kicked him in the ribs, and hit him in the head. As Patillo was being attacked by Williams, Patillo was unable to defend himself. During the altercation, Bankston told Williams to leave but he refused. Bankston yelled for her daughter to call the police, and Bankston tried to pull Williams off Patillo. However, Williams overpowered her. Williams eventually left before the police arrived.

Patillo testified that he has a disabling condition known as neurofibromatosis, which he has had his entire life. Patillo stated that this has resulted in multiple surgeries to remove over a hundred tumors, and that Williams is aware of his condition.

Patillo described the events of June 29, 2018. Patillo testified that he was inside Bankston's house when he heard some commotion outside the door. Patillo stated that Williams "bust[ed] through the door and proceeded to pound on me." Patillo stated that Williams first tackled him and then punched and kicked him in the side as Bankston tried to pull Williams off him. Patillo testified that as a result of the attack he had soreness in his side for the next three or four days. Patillo surmised that Williams was mad because Patillo was at Bankston's house.

In this appeal, Williams's only argument is that there was insufficient evidence to support his residential-burglary conviction. Specifically, Williams contends that the State failed to prove that he had the intent to commit a crime against Patillo at the time he entered Bankston's house. Citing *Wortham v. State*, 5 Ark. App. 161, 634 S.W.2d 141 (1982), Williams argues that merely entering a residence without the owner's permission does not, in itself, prove that the person entered the residence with the specific intent required for residential burglary. Williams maintains that, to commit residential burglary, the purpose to commit a particular offense must be established at the "point of or prior to entry" into the residence. Arguing that proof on this element was lacking, Williams seeks reversal of his residential-burglary conviction.

In order to prove residential burglary, the State had to prove that Williams entered or remained unlawfully in Bankston's house with the purpose to commit a battery against Patillo. *See* Ark. Code Ann. § 5-39-201(a)(1). "Enter or remain unlawfully" means to enter or remain in or upon the premises when not licensed or privileged to enter or remain in or upon the premises. Ark. Code Ann. § 5-39-101(3)(B) (Supp. 2017).

We hold that there was substantial evidence to support Williams's residential-burglary conviction. Contrary to Williams's argument, the residential-burglary statute contemplates either unlawful entry into the residence or *remaining unlawfully* in the residence with the purpose of committing a crime punishable by imprisonment. And here, the State presented substantial evidence of both. Bankston testified that, before Williams entered the house, she had asked him to leave but that he shoved her out of the way and entered the

4

house uninvited before immediately attacking Patillo. Bankston further testified that, during Williams's attack on Patillo inside the house, she again told Williams to leave but he refused.

Williams's reliance on *Wortham*, *supra*, is misplaced. In that case, the appellant's residential-burglary conviction was reversed where the proof showed that two girls were present in a house and one of them saw appellant inside the house standing in the doorway. The girl screamed and the appellant ran away. In *Wortham*, the supreme court held that there was no substantial evidence that the appellant had entered the residence or remained unlawfully therein with the purpose to commit a crime where the evidence merely showed that he was seen inside the open door of the residence.

Unlike *Wortham*, there was proof in this case that Williams entered Bankston's house and unlawfully remained there with the purpose to commit a crime against Patillo. Purpose can be established by circumstantial evidence, and this is often the only type of evidence available to show intent. *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. The proof viewed in the light most favorable to the State showed that Williams noticed Patillo's car parked outside the residence; Williams accused Bankston of planning to take Patillo with her to Florida; Bankston told Williams to leave but Williams shoved her aside and entered the house; and upon entry Williams immediately attacked Patillo by tackling him and striking him repeatedly. Then, as Williams was attacking Patillo, Bankston again told Williams to leave but he refused and continued the attack. Because there was substantial evidence to support the jury's finding that Williams entered or remained unlawfully in the

5

house with the purpose to commit a third-degree battery, Williams's sufficiency challenge fails.[1]

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[1]Although in the conclusion section of Williams's brief he asks that his *convictions* be reversed, the only argument developed in his brief challenges the proof of residential burglary. Williams does not make an argument challenging the proof of third-degree battery, and thus we need not address that conviction.