Charles WASHINGTON v. *STATE* of Arkansas

CA CR 80-1                                    599 S.W. 2d 408

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication June 4, 1980

*Kenneth C. Coffelt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellant Charles Washington was charged jointly with Curtis Lee Singleton with the crime of burglary in violation of Ark. Stat. Ann. § 41-2002 (Repl. 1977). Both were convicted by a jury and sentenced to three years imprisonment. The sentence of Singleton only was suspended.

For reversal appellant contends the court erred in refusing to direct a verdict of acquittal. Other errors argued are not discussed since we regard the above asserted error as dispositive of the appeal.

The information charged the defendants in February, 1979, unlawfully and feloniously entered the residence of Debra Oliver in Little Rock with the purpose of committing therein theft of property.

There was undisputed evidence the appellant and his

cousin, the co-defendant, were visiting in the home of their aunt situated near the apartment of the prosecuting witness, Mrs. Oliver. The aunt testified she heard a noise from the area of the Oliver apartment, and she sent the codefendant to see if anybody was breaking in. Mrs. Oliver was away from her apartment much of the time, it had previously been burglarized and the windows were boarded up. There is no suggestion in the record that appellant or his codefendant were involved in any previous burglary or that either had ever been convicted of a crime. The appellant went along with the codefendant to check on the Oliver apartment.

Both defendants testified the large board over the kitchen window was hanging loose, the window glass had been broken and a washing machine in the kitchen was pushed against the window preventing them from seeing into the apartment. They pushed the machine away from the window so they could look into the apartment, and a man inside came up with a gun and ordered both defendants to come inside the house. He directed Mrs. Oliver to call the police. The defendants then walked back to the aunt's house nearby and were later arrested there on the burglary charge.

The defendants' aunt and several witnesses corroborated the testimony of the defendants that the aunt asked the codefendant to go and check on the noise she heard coming from the area of the Oliver apartment.

Mrs. Oliver and Odell Houston testified they were in an upstairs bedroom of the Oliver apartment when they heard glass breaking and the washing machine being pushed. They got up and went downstairs. One of the defendants was inside the house and the other was in the window. Mrs. Oliver called the police. After some words, the defendants walked back to the aunt's apartment. The defendants had no weapon. Mrs. Oliver testified the window was partly broken out, but additional glass was broken from the broken window, the board was off the window and the washing machine was pushed away from the window. She testified she paid no rent on the apartment since October and was subsequently evicted for nonpayment of rent.

The witness who lived near the Oliver apartment testified the windows in the Oliver apartment had been broken for four months and Mrs. Oliver was not living there in the day but was sneaking in there at nights.

The defendants are apparently teenagers, and have no criminal record. They walked the short distance from the aunt's home to the Oliver apartment; they had no weapons or burglary tools; after the brief confrontation with Mrs. Oliver and her companion they did not try to run away, but walked back to the aunt's home and remained there until the police arrived and arrested them. The occurrence was in the day time.

The present burglary statute § 41-2002 reads as follows:

(1) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

(2) Burglary is a class B felony.

To constitute the offense of burglary the accused must not only enter or remain unlawfully in an occupiable structure of another but such action must be accompanied with the purpose of committing therein an offense punishable by imprisonment. In this case it was necessary the evidence establish that appellant had the purpose of committing a theft of property since this was an element of the specific charge made. Purpose can be established by circumstantial evidence and often this is the only type of evidence available to show intent. However, the circumstances established by the evidence must be such that the requisite purpose of the accused can reasonably be inferred, and the evidence must be consistent with the guilt of the accused and inconsistent with any other reasonable conclusion.

In this case there is no evidence upon which to infer the purpose to commit a crime other than the entry or attempted entry of the apartment by the appellant and his codefendant. There is substantial evidence tending to show the defendants

went to the apartment to investigate a noise indicating a possible burglary. While it was unlawful trespass to enter or attempt to enter the apartment, and the defendants could have been charged with criminal trespass, a misdemeanor, the actions of the defendant did not constitute burglary unless the evidence can be said to reasonably warrant the inference the entry or attempted entry of the structure was accompanied with the purpose of committing a theft of property therein.

From a careful review of the evidence we conclude the facts and circumstances in evidence were not sufficient to warrant the inference it was the purpose of appellant to commit a theft. There was substantial evidence the youths went to the Oliver apartment at the request of an aunt to investigate a noise. They obviously, at the least, used bad judgment in trespassing as they did, but there was no evidence of accompanying circumstances warranting an inference of a purpose to commit a theft. There was substantial evidence tending to negate such purpose, and an innocent purpose would not be inconsistent with the circumstances shown. Evidence which merely raises a suspicion of guilt or which is as consistent with the defendant's innocence as his guilt is not sufficient. *Underwood* v. *State,* 205 Ark. 864, 171 S.W. 2d 304 (1943).

In *Duren* v. *State,* 156 Ark. 252, 245 S.W. 823 (1922), the defendant was convicted by a jury of burglary, it being alleged he entered a certain building with intent to steal 50 cases of coca cola of the value of $65.00. There was evidence the appellant's codefendant reached through a broken window at a coca cola plant and picked up a bottle of soda while the appellant was standing by on the lookout. The defendants were interrupted by an employee of the business. The Supreme Court reversed the conviction, holding the circumstances did not warrant a conclusion there was an intent to remove as much as $10.00 worth of coca cola, and said the jury can only draw reasonable inferences to determine the intent of the intruder.

The crime of burglary can, of course, be complete even though the intention to commit a crime after unlawfully

entering a structure is not consummated. However, the facts proven incident to an unlawful entry must show circumstances of such probative force as to reasonably warrant the inference of the purpose on the part of the accused to commit an offense punishable by imprisonment, other than the entry itself.

Since the motion for a directed verdict was made only at the close of the State's case, we consider the evidence as it stood at that point, and conclude the evidence was not sufficient to warrant an inference of purpose on the part of appellant to commit a crime other than the unlawful entry. Therefore, verdict of acquittal should have been directed.

Reversed and dismissed.