Earl Bernard WILLIAMS *v.* STATE of Arkansas

CA CR 94-73                                     887 S.W.2d 312

Court of Appeals of Arkansas
Division II
Opinion delivered November 16, 1994

*William R. Simpson*, Public Defender, by: *Andy O. Shaw*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Earl Bernard Williams was convicted in a jury trial of being a felon in possession of a firearm, possession of phencyclidine (PCP), and possession of marijuana. He was sentenced as an habitual offender to five years in the Arkansas Department of Correction for being a felon in possession of a firearm and was sentenced to five years for possession of PCP, with the sentences to run concurrently. His sentence for possession of marijuana, a misdemeanor, was merged into the felony sentences. Mr. Williams now appeals, arguing that the trial court erred in finding that he possessed a usable amount of PCP. He also contends that the trial court erred in its determination that there was probable cause for his arrest. We find no error and affirm.

Officer Greg Birkhead of the Little Rock Police Department testified that he was called to a convenience store on the evening of February 3, 1993, on a report of illegal drug activity. Upon arrival, he observed two juveniles and saw one of them drop some narcotics. Officer Birkhead placed the juveniles in custody, at which time Officer Tim Calhoun arrived to assist in the arrest. Officer Birkhead testified that, while he was arresting the juveniles, Mr. Williams approached and asked why he was harassing them. Officer Birkhead explained that the juveniles were under arrest and instructed Mr. Williams to get away from the patrol vehicle. Mr. Williams did not immediately comply with this request, and according to Officer Birkhead, he did not step back until being asked to do so several times. Officer Birkhead stated that Mr. Williams then began yelling and using vulgar language. He described Mr. Williams' behavior as "hostile, antagonistic, trying to start a fight."

Officer Calhoun corroborated Officer Birkhead's account of this event. He testified that, while he and Officer Birkhead were attempting to arrest the juveniles, Mr. Williams shouted and cursed

at them. Officer Calhoun further stated that Mr. Williams became angry at the clerk inside the convenience store and started pounding on the glass of the store and "cussing wildly" at her. After speaking with the clerk, Officer Calhoun asked Mr. Williams for identification, and none was produced. At this time he arrested Mr. Williams for disorderly conduct and searched him. The officers found on Mr. Williams a loaded handgun and a small marijuana cigarette.

Detective Tracy Schuller testified that she received the marijuana cigarette from Officer Birkhead. She stated that she suspected that the cigarette may have been dipped in PCP due to its dingy color and strong odor. Detective Schuller took the evidence to the Arkansas State Crime Lab for analysis on the day after receiving it.

Norman Kemper, a forensic drug chemist for the Arkansas State Crime Lab, tested the cigarette and found it to contain PCP. He testified that the most common way to use PCP is to put it on a cigarette and smoke it. However, Mr. Kemper did not determine the amount of PCP on the cigarette.

Mr. Williams' first argument for reversal is that the trial court erred in its finding that he possessed a usable amount of PCP. Mr. Williams relies on *Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990), to support his argument. In that case, the Arkansas Supreme Court held that possession of a controlled substance must be of a measurable or usable amount to constitute a violation of Ark. Code Ann. § 5-64-401 (Repl. 1993). Mr. Williams contends that, since there was no evidence as to the amount of PCP present on the marijuana cigarette or the amount necessary to constitute a usable amount, the State failed to establish that he possessed a usable amount.

Mr. Williams' contention that the State failed to prove he possessed a usable amount of PCP is an attack on the sufficiency of the evidence. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Lukach* v. *State*, 310 Ark. 119,

835 S.W.2d 852 (1992). In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

■ Although there was no evidence as to the weight of the PCP in this case, we find substantial evidence to support the finding that a usable amount was detected on the marijuana cigarette. Detective Schuller testified that she initially suspected that the cigarette had been dipped in PCP due to its color and odor. Lab tests proved that Detective Schuller's suspicion was correct. Detective Schuller further stated that PCP is usually smoked, and referring to its street name, stated "[i]t's called a sherm when a marijuana cigarette is dipped in PCP." She also testified that the cigarette in question could be smoked with the assistance of a roach clip. Mr. Kemper stated that PCP had a hallucinogenic effect and that, in his experience, the most common method of usage was placing the PCP on a cigarette and smoking it. Taken together, this proof constitutes substantial evidence that the cigarette found in Mr. Williams' possession contained a usable amount of PCP.

Mr. Williams' remaining argument is that, since the police had no probable cause to arrest him, he was illegally searched and the fruits of the search should have been suppressed. We find this argument to be without merit.

■■ Arkansas Rule of Criminal Procedure 4.1(c)(iii) provides that a law enforcement officer may make a warrantless arrest if the officer has reasonable cause to believe that a person has committed a violation of any law in the officer's presence. Probable cause to make a warrantless arrest does not require the degree of proof sufficient to sustain a conviction. *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993). In the instant case Officers Birkhead and Calhoun both testified that Mr. Williams was arrested for disorderly conduct, which is codified at Ark. Code Ann. § 5-71-207 (Repl. 1993), and provides in pertinent part:

(a) A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk thereof, he:

(1) Engages in fighting or in violent, threatening, or tumultuous behavior; or

(2) Makes unreasonable or excessive noise; or

(3) In a public place, uses abusive or obscene language, or makes an obscene gesture in a manner likely to provoke a violent or disorderly response[.]

The testimony of the officers revealed that, prior to taking Mr. Williams into custody, Mr. Williams repeatedly refused to back away from an arrest scene, began shouting and cursing at the officers and a store clerk, and pounded on the glass window of the store. This conduct gave reasonable cause to believe that Mr. Williams was in violation of the disorderly conduct statute, thus his subsequent arrest was legal. Since the arrest was lawful, the police officers had the right to search Mr. Williams and the seized contraband was properly admitted as evidence against him. *See Chism* v. *State, supra.*

Affirmed.

COOPER and MAYFIELD, JJ., agree.