Demarco RAYNOR *v.* STATE of Arkansas

CR 00-785                                                          36 S.W.3d 315

Supreme Court of Arkansas
Opinion delivered February 1, 2001

*John Wesley Hall, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Demarco Raynor, was convicted of the murder of Reginald Parks. This conviction resulted from an incident on December 20, 1998. On the evening of December 19, 1998, appellant, Tavaucia Williams, and Mr. Parks were drinking together at a local bar, the Red Barn night club. In the early morning hours of December 20, 1998, after leaving the Red Barn, the men went to Tracy Brown's house. At Ms. Brown's house, Mr. Williams and Mr. Parks engaged in "horse-play." While Mr. Williams and Mr. Parks were tussling, appellant began a verbal confrontation with Mr. Parks and struck him twice. After appellant struck Mr. Parks, Mr. Williams turned and began to walk away from the struggle. As he was leaving, Mr. Williams heard a gunshot and turned to see Mr. Parks lying on the ground. Mr. Williams and appellant then got into appellant's mother's car and drove away.

At trial, Mr. Williams testified for the State. At the close of the State's case, appellant argued in a motion for a directed verdict that Mr. Williams was an accomplice to the crime as a matter of law and that his testimony was not corroborated by additional evidence, and because it was not corroborated by additional evidence, there was insufficient evidence to sustain a conviction. There was no challenge to the sufficiency of the evidence if Mr. Williams was not an accomplice, or if his testimony was properly corroborated. The trial court denied appellant's motion for a directed verdict and submitted the issue as to whether Mr. Williams was an accomplice as a jury question.

The jury found appellant guilty of first-degree murder and sentenced him to life imprisonment in the Arkansas Department of Correction. It is from this conviction that appellant appeals. Appellant raises one point on appeal, and we affirm the conviction.

On appeal, appellant argues that Mr. Williams was an accomplice as a matter of law in the murder of Mr. Parks. Specifically, appellant contends that because Mr. Williams was engaged in "horseplay" with Mr. Parks before he was killed, and because Mr. Williams took steps after the murder to destroy evidence and conceal the truth from law enforcement officials, Mr. Williams was an accomplice as a matter of law to the murder. Appellant further argues that because Mr. Williams was an accomplice as a matter of law his testimony must be corroborated by additional evidence. Finally, appellant contends that because Mr. Williams's testimony was not corroborated by additional evidence then there was insufficient evidence to convict appellant and therefore the trial court should have granted his motion for a directed verdict.

██ The threshold issue for this court becomes whether Mr. Williams was an accomplice as a matter of law. For an individual to be an accomplice, he must engage in one of the activities articulated in Ark. Code Ann. § 5-2-403 (Repl.1997). That statute provides:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
>
> > (1) Solicits, advises, encourages, or coerces the other person to commit it; or
> >
> > (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or

(3) Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

(b) When causing a particular result is an element of an offense, a person is an accomplice in the commission of that offense if, acting with respect to that result with the kind of culpability sufficient for the commission of the offense, he:

(1) Solicits, advises, encourages, or coerces the other person to engage in the conduct causing the result; or

(2) Aids, agrees to aid, or attempts to aid the other person in planning or engaging in the conduct causing the result; or

(3) Having.a legal duty to prevent the conduct causing the result, fails to make proper effort to do so.

Ark. Code Ann. § 5-2-403. The appellant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. *McGehee v. State*, 338 Ark. 152, 992 S.W.2d 110 (1999). Whether a witness is an accomplice is usually a mixed question of fact and law, and the finding of a jury as to whether a witness is an accomplice is binding unless the evidence shows conclusively that the witness was an accomplice. *Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997).

■■ One's presence at the crime scene or failure to inform law enforcement officers of a crime does not make one an accomplice as a matter of law. *Britt v. State*, 334 Ark: 142, 974 S.W.2d 436 (1998). Nor does a grant of immunity alone cause a witness to be an accomplice as a matter of law. *Pilcher v. State*, 303 Ark. 335, 796 S.W.2d 845 (1990). Relevant factors in determining the connection of an accomplice to a crime are the presence of the accused in proximity to the crime, the opportunity to commit the crime, and an association with a person involved in the crime in a manner suggestive of joint participation. *Id.*

■■ In the case now before us, the trial court determined that Mr. Williams had not conceded that he was an accomplice, and that the issue of his participation in the crime as an accomplice presented a question of fact that was appropriate for determination by the jury. Our review supports this finding. Mr. Williams's testimony does not suggest that he took any actions or engaged in

any conduct which resulted in Mr. Parks's death[1]. The record here does not reflect that Mr. Williams solicited, advised, encouraged, or coerced appellant to engage in conduct that resulted in Mr. Parks's death. However, a fact question is presented because Mr. Williams traveled to and from the scene of the crime with appellant and because he engaged in "horseplay" with the victim prior to his death. There was no uncontroverted evidence that Mr. Williams aided, agreed to aid, or attempted to aid in planning or engaging in the conduct that resulted in Mr. Parks's death. Moreover, we note that Mr. Williams had no legal duty to prevent appellant's conduct which resulted in Mr. Parks's death. Because the record did not support a finding by the trial court that Mr. Williams was an accomplice as a matter of law, we conclude that the trial court properly submitted the issue to the jury and denied appellant's request for a directed verdict.

### 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.

---

[1] Appellant argued that Mr. Williams was an accomplice because he tried to destroy evidence and conceal the truth from law enforcement officials. Appellant's argument is misplaced. The actions described by appellant would render an individual an "accomplice after-the fact." Arkansas does not recognize an "accomplice after the fact." However, we note that an individual who engages in such actions may be in violation of Ark. Code Ann. § 5-54-105 (Repl. 1997). This statute makes it a crime to hinder apprehension or prosecution.