2014 Ark. App. 380

**Charles WHITFIELD, Appellant**

v.

**STATE of Arkansas, Appellee.**

No. CR–13–743.

Court of Appeals of Arkansas.

June 18, 2014.

Lott Rolfe, IV, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Laura Shue, Ass't Att'y Gen., for appellee.

BILL H. WALMSLEY, Judge.

Appellant Charles Whitfield was charged with residential burglary, aggravated assault on a family or household member, aggravated assault, and second-degree assault on a family or household member. After a bench trial, he was convicted of residential burglary and aggravated assault. On appeal, appellant challenges only the sufficiency of the evidence supporting his residential-burglary conviction.

Jonathan Adams testified that on June 9, 2012, he went with LaToya Whitfield to her apartment in Jacksonville. He said that LaToya started fighting with appellant, her husband, outside the apartment and that appellant then chased him with a large knife. Adams jumped over a car to get away from appellant, and he then saw appellant chase LaToya into her neighbor Wanda's apartment. Adams saw appellant and LaToya swinging at each other inside the apartment.

Wanda Palton testified that LaToya opened her apartment door and ran inside and appellant ran in after her. She said LaToya fell back on the couch and she could see appellant swinging at her. Palton testified that appellant and LaToya did not have permission to be in her home and she screamed at them to get out.

Officer Terry Collins of the Jacksonville Police Department testified that he re-sponded to this incident and found LaToya very upset. She told Collins that her husband had chased her with a large butcher knife into the apartment next door and was punching at her. Collins said that LaToya did not have any visible injuries.

Appellant moved to dismiss all four counts, and his motions were denied. The trial court found appellant guilty of residential burglary and the aggravated assault of Adams. Appellant was acquitted of the counts against LaToya, who did not testify. He was sentenced as a habitual offender to concurrent terms of ten years' imprisonment for each conviction. He timely appealed.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Cora v. State*, 2009 Ark. App. 431, 319 S.W.3d 281. We will affirm a trial court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Id.*

A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5–39–201(a)(1) (Repl.2013). Appellant notes that, in the felony information, the offense he was alleged to have committed in the residence was second-degree assault on a family member. He argues that because he was acquitted of this offense, he could not have been guilty of residential burglary. Appellant argues

that merely because a person enters a residence without the owner's permission does not, of itself, prove that the person entered the residence with the specific intent required for residential burglary.

■ The State argues that the crime of burglary can be complete even though the intention to commit a crime after unlawfully entering a structure is not consummated. *Washington v. State*, 268 Ark. 1117, 599 S.W.2d 408 (Ark.App.1980). The statute only requires entry with the "purpose" to commit an offense punishable by imprisonment. Purpose can be established by circumstantial evidence and often this is the only type of evidence available to show intent. *Washington, supra.* The circumstances established by the evidence must be such that the requisite purpose of the accused can reasonably be inferred, and the evidence must be consistent with the guilt of the accused and inconsistent with any other reasonable conclusion. *Id.*

■ Even though appellant was not convicted of second-degree assault, there was sufficient evidence that he entered Palton's home to commit that offense. A person commits second-degree assault on a family member if the person recklessly engages in conduct that creates a substantial risk of physical injury to a family member. Ark.Code Ann. § 5-26-308 (Repl.2013). Adams and Palton testified that they saw appellant swinging at LaToya inside Palton's apartment after appellant had chased LaToya into the apartment. LaToya had fallen back onto the couch, and she told the police that appellant had chased her with a knife and was punching at her. This conduct created a substantial risk of physical injury to LaToya, which shows appellant's intent to commit second-degree assault inside the apartment. Thus, the residential-burglary conviction is supported by substantial evidence.

We note two clerical errors in the sentencing order. The boxes indicating that appellant's sentences are to run concurrently are not checked, and it is not indicated on his aggravated-assault sentence that he was sentenced as a habitual offender. Thus, we affirm the conviction but remand to the circuit court with instructions to correct the sentencing order.

Affirmed; remanded with instructions to correct sentencing order.

HARRISON and WYNNE, JJ., agree.