# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-331

| | |
|---|---|
| | **Opinion Delivered** December 3, 2014 |
| QUINTRELL RICHARDSON<br>APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT [NO. CR-11-307] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CINDY THYER, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Quintrell Richardson was charged and convicted of two counts of aggravated robbery (Cherrytree Gas Station and Dodge Store) and sentenced to two ten-year sentences by a Mississippi County Circuit Court. The issues here are whether the circuit court should have granted Richardson's motion to suppress and his motion for a directed verdict. We affirm the circuit court's decision to deny both motions.

### I. *The Directed Verdict*

We first address Richardson's argument that the circuit court erred when it denied his motion for a directed verdict during trial. Arkansas law treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000). A challenge to the sufficiency of the evidence is only reversed if there is no substantial evidence to support the verdict. *Id.* Circumstantial evidence may constitute substantial evidence to support a conviction. *Brunson v. State*,

368 Ark. 313, 245 S.W.3d 132 (2006). Guilt can be established without direct evidence and evidence of guilt is not less because it is circumstantial. *Id*. Circumstantial evidence is substantial when it excludes every other reasonable hypothesis than that of guilt. *Id*. We will only disturb the jury's determination if evidence did not meet the required standards so that the jury had to speculate and conjecture to reach its verdict. *Id*.

Richardson was charged with participating in aggravated robberies at two convenience stores on 18 October 2011. At trial, the State presented testimony from three police officers; one was Sergeant Blake Lively, who recognized Richardson's car and initiated an investigatory stop near, and only a few minutes after, a second robbery had occurred. Lively testified that, as he approached the car, he observed the back-seat passenger taking off a black jacket, and the front-seat passenger had a white t-shirt in his lap and was not otherwise wearing a shirt. The sergeant also testified that the two men traveling with Richardson—Dameon Davis and Kennon Daniels—gave him false names and that "each of the individuals in the car had large amounts of money on their persons." Sergeant Lively further said that some "ones and fives" were visibly "scattered on the floorboard" and that more money was seen "in the front passenger seat."

Detective Chris Lassley, who worked for the Blytheville Police Department on October 18, investigated the robbery and "immediately noticed money stuffed up under the front passenger side seat just hanging out into the floor board" in a manner that looked like "someone had just shoved it under there trying to hide it."

Sergeant James Harris testified that he recovered money from the floorboards of Richardson's car and from all three men who were inside the car. Sergeant Harris said,

2

among other things related to the money, that the total amount recovered was $563, nearly the same amount taken from the convenience stores, and that some of the bills were paper-clipped together. The sergeant also testified, while watching a store-surveillance video, that the black "Dickies" coat found with the backseat passenger closely resembled what the robber had worn.

Three store clerks testified too: Harmanjeet Khatrao, Kelly Khatrao, and Elishia Malone. The clerks collectively testified that a dark-skinned, male robber brandished a handgun, demanded money, took money, and wore black clothes with a white rag covering part of his face. The witnesses testified about the amount of money taken and its denominations, and said that some of the money was paper-clipped together when stolen.

In his motions for directed verdict, Richardson argued that the State had presented no proof that he participated in the robberies. Here, he again argues that the State's evidence was "circumstantial at best" and does not provide substantial evidence to support a guilty verdict.

We disagree and hold that substantial evidence supports Richardson's convictions. It is true that no witness directly identified Richardson as being the actual robber. But as the State argues, a person is criminally liable for the conduct of another person when he is the accomplice of another person in the commission of an offense. Ark. Code Ann. § 5-2-402 (Repl. 2013). A person is an accomplice if, with the purpose of promoting or facilitating the commission of an offense, the person aids, agrees to aid, or attempts to aid the other person in planning or committing the offense. Ark. Code Ann. § 5-2-403(a)(2). Relevant factors in determining the connection of an accomplice to a crime are the

presence of the accused in proximity to the crime, the opportunity to commit the crime, and an association with a person involved in the crime in a manner suggestive of joint participation. *Raynor v. State*, 343 Ark. 575, 36 S.W.3d 315 (2001).

Richardson's car was stopped driving away from a robbery soon after it had occurred, and he had two passengers with him. In the car, police found approximately the same amount of money that had been stolen, and in the small denominations that the store clerks mentioned at trial. There was also testimony that some of the money looked as if it had been hastily hidden, that some of it was paper-clipped together as at least one store clerk described, and the clothing found in the car matched the description of what the robber wore as seen on a store-surveillance video.

We acknowledge that Richardson put on some proof of an alibi, or a challenge to the State's timeline, through his brother's testimony. But the jury was permitted to weigh and credit all the testimony and other evidence as it reached its verdict that Richardson was guilty of committing two counts of aggravated robbery. Because substantial evidence supports Richardson's convictions, we affirm.

## II. *The Motion to Suppress*

Richardson's challenge to the circuit court's denial of his motion to suppress is decided by the companion case *Davis v. State*, 2013 Ark. App. 658, 430 S.W.3d 190, where this court addressed the same legal issue that Richardson's motion to suppress raises. Richardson argues that the circuit court should have suppressed adverse evidence because Sergeant Lively acted unlawfully when he stopped Richardson's car on 18 October 2011. In *Davis*, *supra*, passenger Dameon Davis argued the same legal point from the same factual

record now before us. Because *Davis* addressed the same legal issue on the same factual record, we are bound by this court's prior decision that the police did not unlawfully stop Richardson's car. We therefore affirm the circuit court's denial of Richardson's motion to suppress in this case.

Affirmed.

WALMSLEY and WHITEAKER, JJ., agree.

*Kimberly Eden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.