

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–808

| | |
|---|---|
| STEVEN EDWIN ROBINSON<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered:** May 4, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CR-14-238]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

A Garland County jury convicted appellant Steven Edwin Robinson of one felony count of possession of a schedule II controlled substance (cocaine) and one misdemeanor count of possession of a schedule VI controlled substance (marijuana). Robinson argues on appeal that the trial court erred in denying his motions for a directed verdict. We affirm Robinson's convictions.

At Robinson's May 27, 2015 jury trial, the State called three witnesses: Officer Nathan Williams from the Hot Springs Police Department; Margaret Meyers, the property-and-evidence technician at the Hot Springs Police Department; and Lauren McDonald, a forensic chemist at the Arkansas State Crime Laboratory. The defense called no witnesses. The State's evidence presented at trial established that Officer Williams initiated a traffic stop on March 10, 2014, after he observed a 2000 model Cadillac DeVille being driven down the center of both lanes on Grand Avenue. Officer Williams testified that the car was

also driven onto the grass median. Officer Williams stated that could smell marijuana when he approached the vehicle and the driver, later identified as Robinson, produced an Arkansas ID card rather than his driver's license.

Another officer arrived, and the vehicle was searched. In the search, two small plastic bags of what Officer Williams believed was marijuana were found between the driver's seat and the center console. A passenger around sixteen or seventeen years old was also in the car but was released when Robinson was taken into custody and transported to the Garland County Detention Facility. At the detention center, Robinson was searched by a deputy, who found less than a gram of cocaine in a plastic baggie in the front coin pocket of Robinson's pants.

The State produced testimony that the cocaine was submitted to the Arkansas State Crime Laboratory, but that the marijuana was not submitted because misdemeanor amounts of drugs are not sent to the crime lab without a special request from the prosecutor. Margaret Meyers testified that it is protocol that once officers bring evidence to the police department, they submit it into an evidence locker that is specific to their case. The officers lock the lockers, and Meyers is the only one with keys to the lockers. Meyers then enters the evidence into the computer system and files it in the evidence room. Meyers testified that she carried the evidence from Robinson's case to the state crime lab.

Lauren McDonald, an evidence analyst at the Arkansas State Crime Laboratory, testified as a board-certified forensic chemist. She explained the crime lab's procedures for keeping the evidence protected and safe and explained the processes of her work. McDonald stated that the amount of cocaine that was found on Robinson equaled 0.3082 grams, but

that she did not determine the purity level of the three-tenths gram of cocaine.  McDonald was the third and final witness for the State.

After the State rested, defense counsel moved for a directed verdict on the felony charge, arguing that the State failed to present sufficient evidence to establish that the cocaine was a "useable" amount in order for it to constitute possession. Defense counsel also moved for a directed verdict on count II, the marijuana charge, on the basis that the joint possession was insufficient to show possession and that the alleged marijuana was not sufficiently identified to be marijuana. Both motions were denied by the trial court. The defense did not put on any evidence and rested.

Robinson challenges the trial court's denial of his motion for directed verdict. This court treats a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Gwathney v. State*, 2009 Ark. 544, 381 S.W.3d 744.  Rule 33.1(a) of the Arkansas Rules of Criminal Procedure provides that in a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). However, renewal of a directed-verdict motion is not required to preserve a sufficiency challenge on appeal when the defense rests without presenting any evidence. *Patton v. State*, 2010 Ark. App. 453.

When the sufficiency of the evidence is challenged in a criminal conviction, the appellate court views the evidence in the light most favorable to the verdict and considers only the evidence supporting it. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty,

compel a conclusion one way or the other, without resorting to speculation or conjecture. *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905. Circumstantial evidence may constitute substantial evidence to support a conviction. *Thornton v. State*, 2014 Ark. 157, at 5, 433 S.W.3d 216, 219. To be substantial, circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id.* Such a determination is a question of fact for the trier of fact, who is free to believe all or part of any witness's testimony and who may resolve issues of conflicting testimony and inconsistent evidence. *Id.*

On appeal, Robinson specifically challenges the sufficiency of the evidence to support his convictions on two grounds: (1) that the amount of cocaine discovered on his person was not proved to be a "useable" amount and (2) that the State failed to prove that he constructively possessed the marijuana found in the car he was driving.[1]

In support of his first argument—that the State failed to present substantial evidence that the amount of cocaine was useable—Robinson relies on *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990). In *Harbison*, our supreme court held that possession of a controlled substance must be of a measurable or useable amount to constitute that crime. *Id.*

At trial, defense counsel attempted to solicit testimony from McDonald about the effect of cocaine on the human body if only three-tenths of a gram were used and also asked about the seized drug's purity. Proof as to the effect of a given quantity of drugs on the

---

[1] Robinson does not argue on appeal, as he did in the trial court, that the alleged marijuana was not sufficiently identified to be marijuana.

human body is not required under *Harbison*. *See Buckley v. State*, 36 Ark. App. 185, 187, 818 S.W.2d 579, 581 (1991). Proof of particular purity is likewise not necessary. *Williams v. State*, 47 Ark. App. 143, 145, 887 S.W.2d 312, 313 (1994). Furthermore, this court has held that 0.024 grams of cocaine constituted a useable amount because the cocaine was capable of quantitative analysis, could be seen with the naked eye, was tangible, and could be picked up. *See Sinks v. State*, 44 Ark. 1, 4, 864 S.W.2d 879, 881 (1993).

In the instant case, McDonald testified that the cocaine sample sent to her was both "weighable and detectable." She stated that the cocaine's amount equaled 0.3082 grams. The cocaine could be seen with the naked eye and was tangible. We hold that it passes the *Harbison* threshold. Therefore, we hold that substantial evidence was presented that Robinson possessed a useable amount of cocaine.

Robinson's second argument—that the State failed to present substantial evidence that he constructively possessed the marijuana found in the jointly occupied vehicle he was driving—also fails. To convict an individual of possessing contraband, "the State must show that the accused knew it was contraband and exercised control or dominion over it." *Dodson v. State*, 88 Ark. App. 380, 285, 199 S.W.3d 115, 118 (2004). The State need not prove actual possession of contraband to prove possession; it may be proved by constructive possession, which is the control or right to control the contraband. *Polk v. State*, 348 Ark. 446, 452, 73 S.W.3d 609, 614 (2002). Constructive possession can be inferred when the drugs are in the joint control of the accused and another individual, but joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession of any controlled substances found within the vehicle. *See Mings v. State*, 318 Ark. 201, 207, 884

S.W.2d 596, 600 (1994).

In order to establish possession, there must be some other factor linking the accused to the drugs. *Id.* Other factors to be considered are whether (1) the contraband is in plain view; (2) the contraband is found with the accused's personal effects; (3) the contraband is found on the same side of the car seat as where the accused was sitting or in near proximity to it; (4) the accused is the owner of the automobile or exercises dominion or control over it; and (5) the accused acted suspiciously before or during the arrest. *Id.*

Robinson's argument that there was insufficient evidence to prove that he possessed the marijuana that was discovered is unpersuasive. He is correct in that joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession, but there are additional factors linking Robinson to the marijuana found in the vehicle he was driving. The marijuana was discovered on the driver's side of the vehicle wedged between Robinson's seat and the center console right next to his leg. Robinson was driving the car, which shows he exercised dominion and control over it. *See Dodson, supra.* He drove over the grass median and produced his Arkansas ID card instead of his driver's license when Officer Williams pulled him over. Officer Williams smelled the odor of what he believed was marijuana when he approached Robinson's vehicle. The evidence presented shows several factors linking Robinson to the marijuana and supports a finding that Robinson constructively possessed it.

Based on our standard of review in viewing the evidence in the light most favorable to the State and considering only the evidence supporting the jury's verdict, we cannot say that the trial court erred in denying Robinson's motions for a directed verdict.



Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.