# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–175

| | |
|---|---|
| WESLEY GENE HOLLAND<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 1, 2017<br><br>APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT [NO. CR-2014-48-5]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Wesley Gene Holland appeals his convictions of second-degree sexual assault and residential burglary. On appeal, Holland argues that the circuit court erred in denying his directed-verdict motions. We affirm.[1]

On October 17, 2014, the State charged Holland with the rape of J.W. On August 21, 2015, the State added the charge of residential burglary. The case proceeded to a jury trial on October 20, 2015.

At trial, J.W. testified that on September 10, 2014, she was bathing in her home when her mother knocked on the front door. She explained that she answered the door without dressing, spoke with her mother for a minute, and then returned to the bathtub.

---

[1] This is the second time this case has been before us. We originally ordered a supplemental addendum due to deficiencies. *Holland v. State*, 2016 Ark. App. 492.

She noted that shortly thereafter, her nine-year-old son entered the bathroom and told her that Holland, their neighbor, was at the door. She testified that she planned to dress herself and meet Holland at the door; however, while she was still in the bathtub, Holland appeared in the bathroom. She testified that he sat on the toilet and stated, "Let me see your boobs." She noted that she had drawn the shower curtain, which concealed her in the bathtub. She testified that Holland then opened the shower curtain, penetrated her vagina with his finger, and touched her breast. She noted that the penetration lasted two or three minutes. She stated that she told him to stop and that she tried to slap his hand, but he persisted. She explained that he eventually stopped, told her not to tell anyone about the incident, and left the house.

J.W.'s son, D.W., testified that he answered the door for Holland on September 10, 2014. He stated that Holland asked for his mother and he told Holland that she was in the bathtub. He explained that he went to tell his mother and, when he returned, Holland had entered the house. He noted that Holland then told him to go play outside.

J.W.'s mother testified that she went to her daughter's house on September 10, 2014, and that her daughter answered the door without clothes. She stated that she talked to her daughter for a minute and then left. She explained that, as she drove away, Holland stopped and asked her, "Well, I don't want to sound nasty, but was [J.W.] naked?" She responded, "Well, she's trying to get a bath."

John Bolland, with the Cleveland County Sheriff's Department, testified that he interviewed Holland on September 10 and 11, 2014, and the State played audio recordings of the interviews. In the September 10 interview, Holland admitted that he touched J.W.'s

breast but denied that he had touched her vagina. He stated that he only touched the top of her leg. In the September 11 interview, Holland admitted touching J.W.'s breast and vaginal area. He denied penetrating her vagina but stated, "[I]f I did, I was unaware of it."

After the State presented its case, Holland moved for directed verdicts on both charges. As to the residential-burglary charge, Holland argued that the State failed to prove that (1) he unlawfully entered J.W.'s residence or unlawfully remained there and (2) he entered the residence with the purpose of committing an offense punishable by imprisonment. As to the rape charge, Holland asserted that the State failed to prove that he touched J.W. to receive sexual gratification. The court denied both motions.

Holland then testified on his own behalf and denied touching J.W.'s breast or vagina. He explained that he confessed to touching J.W. to Bolland in the September 10 and 11 interviews because Bolland coerced him into making the statements.

Following his testimony, Holland renewed his directed-verdict motions, and the court denied them. The jury then deliberated and found Holland guilty of residential burglary and the lesser-included offense of second-degree sexual assault. The jury sentenced him to ten years' imprisonment for residential burglary and twenty years' imprisonment for second-degree sexual assault. Holland timely appealed his convictions to this court. On appeal, Holland argues that the circuit court erred in denying his motions for directed verdict as to both charges.

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Davis v. State*, 2016 Ark. App. 274, 493 S.W.3d 339. When the sufficiency of the evidence is challenged in a criminal conviction, the evidence is viewed in the light most favorable to

the verdict, and only the evidence supporting the verdict is considered. *Robinson v. State*, 2016 Ark. App. 240, 491 S.W.3d 481. We will affirm if the verdict is supported by substantial evidence—evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. Circumstantial evidence may constitute substantial evidence to support a conviction; to be substantial, circumstantial evidence must exclude every other reasonable hypothesis than the guilt of the accused; that determination is a question of fact for the trier of fact. *Id*. Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *Davis*, 2016 Ark. App. 274, 493 S.W.3d 339. The jury may accept or reject any part of a witness's testimony, and its conclusion regarding credibility is binding on the appellate court. *Id*. We first address Holland's sufficiency arguments concerning his residential-burglary conviction.

Arkansas Code Annotated section 5-39-201(a)(1) (Repl. 2013) sets forth the offense of residential burglary:

> A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment.

Thus, the offense of residential burglary requires proof of two elements: (1) that the person entered or remained unlawfully in the residence and (2) that the person did so with the purpose to commit a felony in that residence. *Holt v. State*, 2011 Ark. 391, 284 S.W.3d 498. Holland challenges both elements.

As to the first element, Holland asserts the evidence is insufficient because the State presented no evidence that J.W. or her son denied Holland's entry into the house or told

him to leave. Regardless of whether J.W. or her son denied Holland's entry or told him to leave, our supreme court has held that a person's license or privilege to enter a home is revoked once that person inflicts injury upon the owner. *See id.*; *see also Rose v. State*, 2015 Ark. App. 563, 472 S.W.3d 167.

As to the second element, Holland asserts that the State presented insufficient evidence that he entered J.W.'s house with the intent to commit an offense punishable by imprisonment. We again find Holland's argument unavailing. Purpose can be established by circumstantial evidence, and often this is the only type of evidence available to show intent. *Burris v. State*, 2015 Ark. App. 126 (citing *Whitfield v. State*, 2014 Ark. App. 380, 438 S.W.3d 289). The circumstances established by the evidence must be such that the requisite purpose of the accused can reasonably be inferred, and the evidence must be consistent with the guilt of the accused and inconsistent with any other reasonable conclusion. *Id.* Here, the evidence showed that shortly before Holland entered J.W.'s house, he asked J.W.'s mother whether J.W. was dressed, and she told him that J.W. was in the bath. The evidence further showed that Holland then immediately went into J.W.'s house, entered the bathroom, opened the shower curtain, touched her breast, and touched her vagina. From this evidence, the jury could have inferred Holland intended to sexually assault J.W. Accordingly, we hold that the evidence is sufficient to support Holland's conviction for residential burglary.

Holland additionally argues that the evidence is insufficient to support his conviction for second-degree sexual assault. Specifically, he argues that the State failed to show he

intended to receive sexual gratification from his encounter with J.W.[2] A person commits sexual assault in the second degree if the person engages in sexual contact with another person by forcible compulsion. Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2015). "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10). "Our case law makes clear that when sexual contact occurs, and there is no legitimate medical reason for it, it can be assumed that such contact was for sexual gratification and the State need not offer direct proof on that element." *Ross v. State*, 2010 Ark. App. 129, at 4. In this case, J.W. testified that Holland entered her home and touched her breast and vagina while she was in the bathtub. Accordingly, it can be assumed that the sexual contact was for sexual gratification.

Affirmed; motion to withdraw granted.[3]

GLOVER and MURPHY, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

---

[2] We note that at trial, Holland moved for a directed verdict only as to the rape charge, not the lesser included offense of second-degree sexual assault. However, both rape and second-degree assault require sexual gratification, and Holland addressed the sexual-gratification requirement in his motion for a directed verdict. *See Davis v. State*, 362 Ark. 34, 39, 207 S.W.3d 474, 479 (2005) ("[I]t is not necessary to specifically state the lesser-included offense by name, as long as the elements of that lesser-included offense are addressed in the directed-verdict motion."); *see also* Ark. Code Ann. § 5-14-101(1), -103(a).

[3] On December 22, 2016, appellant's counsel filed a motion to withdraw as counsel citing his election to this court.